Abraham Colman (SBN 146933)
Email: acolman@reedsmith.com
Zachary C. Frampton (SBN 303225)
Bryan D. Trader (SBN 318133)
Email: btrader@reedsmith.com
Email: zframpton@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorney for Defendant
HYUNDAI CAPITAL AMERICA d/b/a
KIA MOTOR FINANCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONALD REAGAN FEDERAL BUILDING AND U.S. COURTHOUSE

| | |
|---|---|
| JOHN WAUDBY,<br><br>    Plaintiff,<br><br>vs.<br><br>KIA MOTOR FINANCE,<br><br>    Defendant. | Case No. 8:17-cv-01442-AG-JCG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Judge Andrew J. Guilford<br>Hon. Mag. Jay C. Gandhi |

Based upon the stipulation of Defendant Hyundai Capital America d/b/a Kia Motor Finance ("Defendant") and Plaintiff John Waudby ("Plaintiff"), it is hereby ORDERED as follows:

Certain documents and tangible things produced by the parties in response to any Interrogatory or request for production, or to any party by a non-party in response to any subpoena duces tecum, may be subject to the terms and conditions herein. For purposes of this Stipulated Protective Order, the word "documents" shall include, but is not limited to: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers filed in this action; (3) requests to admit and responses thereto filed in this action; (4) transcripts of and exhibits to depositions; (5) and any portions of any court papers filed in this action that quote from or summarize any of these items.

In no event shall any material obtained through discovery in this litigation be used for any purpose whatsoever other than those related to this litigation.

## 1. DESIGNATION

If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request are confidential and should not be disclosed other than in connection with this civil action and pursuant to this Stipulated Protective Order, the party or attorney requesting confidentiality (the "Designating Party") shall stamp each such document or other material as "**CONFIDENTIAL**" With respect to deposition exhibits, it shall be the duty of the Designating Party to designate as confidential the exhibits to which confidentiality is claimed at the time of the deposition or within fifteen (15) days after receiving the deposition transcript.

With respect to any documents received pursuant to third-party subpoenas, the party which subpoenaed and received the documents shall, upon request, promptly copy such documents as are requested, at the requesting party's expense, and send the copies to the requesting party. The parties shall have fifteen (15) days after receipt of the documents by the requesting party to designate documents as confidential. The

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Designating Party shall notify the opposing party in writing of the Bates numbers of the confidential documents so that the opposing party can mark its copies of those documents with the "**CONFIDENTIAL**" stamp. Unmarked copies of the confidential documents shall be destroyed. Third-party documents shall be treated as confidential prior to the expiration of the 15-day period, unless the parties give notice before the end of that period that they do not intend to designate the third-party documents as confidential.

**2.     TYPE AND CATEGORIES OF DOCUMENTS SUBJECT TO ORDER**

The parties have requested and may continue to request certain documents of one another that the respective producing party contends contain confidential information, and that are subject to protection as confidential under the Federal Rules of Civil Procedure.

The documents and materials subject to designation as "**CONFIDENTIAL**" include, but are not limited to, documents and materials that contain information that is proprietary in nature; contains trade secrets; contains customer information; contains employee information; or contains agent or subcontractor information.

**3.     ACCESS TO CONFIDENTIAL INFORMATION**

Except as hereinafter provided, material marked or otherwise designated as "**CONFIDENTIAL**" shall not be disclosed to any person except:

(1)     The parties, and counsel of record for the parties, including attorneys for the respective firms and supporting personnel employed by the firms, such as paralegals, legal translators, legal secretaries, law clerks, and litigation support employees;

(2) Experts retained by counsel to assist in this litigation; provided, however, that any such expert has signed an undertaking in the form of the attached Exhibit A, the original of which will be maintained by counsel for the party retaining such expert;

(3)     Other individuals or entities retained by counsel identified in paragraph (1) above specifically engaged to assist in this litigation, including litigation

STIPULATED PROTECTIVE ORDER

consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial; provided, however, that the person or entity has signed an undertaking in the form attached as Exhibit A, the original of which will be maintained by counsel retaining such individuals or entities and need not be disclosed except upon Court order;

(4) Witnesses at a deposition, subject to the provisions related to use of confidential information at a deposition provided in section 5 below.

(5) Witnesses at trial; provided, however, that any such witness has signed an undertaking in the form attached as Exhibit A or states on the record that the witness agrees to be bound by the terms of this Stipulated Protective Order;

(6) The Court, its officers and staff, and court stenographers while engaged in the performance of their official duties; and

(7) Mediators in this action who have first signed a certificate identical to Exhibit A or who have otherwise agreed to be bound by this Order.

## 4. PARTY'S RIGHT TO DESIGNATE TESTIMONY

Any deposition or other testimony may be designated as confidential by counsel for the Designating Party by any of the following means:

(a) Stating orally on the record of a deposition that certain information or testimony is confidential, or that the entire deposition transcript is so designated; or

(b) Sending written notice within fifteen (15) days of receipt of the deposition transcript designating all or a portion of the transcript as confidential. The deposition testimony shall be treated as confidential prior to the expiration of this period.

## 5. USE OF INFORMATION

Information designated as "**CONFIDENTIAL**" shall be held in confidence by each person to whom it is disclosed, shall be used only in connection with this litigation, shall not be used for any purpose unrelated to this action. No party or attorney or other person subject to this Stipulated Protective Order shall distribute,

1 transmit, or otherwise divulge any document or other material which is marked
2 "**CONFIDENTIAL**," or the contents thereof, except in accordance with this
3 Stipulated Protective Order.  All produced confidential information shall be carefully
4 maintained so as to preclude access by persons who are not entitled to receive such
5 information.  Nothing herein, however, is intended to prohibit or proscribe the ability
6 of outside counsel to provide to their client informed and meaningful advice, or to
7 prevent counsel from aggregating such information or summarizing such information
8 for the client so long as it will not reveal or disclose confidential information.

Any party seeking to use confidential information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulated Protective Order.  If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.  The terms of this Stipulated Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Stipulated Protective Order from attending that portion of the deposition at which confidential information is discussed.

If any party or attorney wishes to file or use as an exhibit or as evidence at a hearing or trial in this civil action, any "**CONFIDENTIAL**" document or other material, he or she must provide reasonable notice to the party that produced the document or other material.  The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either: (a) removing the "**CONFIDENTIAL**" marking; or (b) creating a mutually acceptable redacted version that suffices for purposes of this civil action.  If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to this Court for resolution.

## 6. CHALLENGES TO DESIGNATIONS AND FILING OF CONFIDENTIAL DOCUMENTS

If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between them. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion with this Court. The protections under this Stipulated Protective Order shall continue to apply until such time as the Court has ruled to the contrary.

## 7. RETURN OF DOCUMENTS

The terms of this Stipulated Protective Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation, all confidential documents subject hereto and all copies of the same (other than those filed with the Court) shall be returned to the party or person that produced such documents or, at the option of the producer, destroyed; provided, however, that counsel for the parties shall be entitled to retain memoranda or pleadings embodying information derived from such confidential material, to the extent reasonably necessary to preserve a file on this litigation, which information shall not be disclosed to any other person. All deposition transcripts and exhibits and any other material returned to the parties or their counsel by the Court that contain confidential material shall also be destroyed or returned as set forth above.

## 8. APPLICATION TO COURT

Notwithstanding anything to the contrary set forth herein, each party shall have the right to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential material, and the right to apply to the Court at any time for an order modifying or lifting the protective order for good cause shown.

– 5 –
STIPULATED PROTECTIVE ORDER

## 9. REQUEST FOR CONFIDENTIAL DOCUMENTS

If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Stipulated Protective Order, that party must notify counsel for the Designating Party before responding to the subpoena.

## 10. EFFECT OF DESIGNATION ON AUTHENTICITY AND ADMISSIBILITY

The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether confidential or not.

## 11. INADVERTENT PRODUCTION

The inadvertent production of any confidential, privileged or otherwise protected material shall not be deemed a waiver or impairment of any claim of confidentiality, privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.

Upon receipt of notice of such inadvertent production from the producing Party, the receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving Party and shall destroy all copies of such documents that contain such notes or other attorney work product or (b) shall apply to the Court for resolution if the producing Parties' claim of inadvertent production is disputed.

**12. CONTINUING JURISDICTION**

All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

**IT IS SO STIPULATED.**

Dated: April 2, 2018          REED SMITH LLP

By: /s/ Bryan D. Trader[1]
Zachary C. Frampton
Bryan D. Trader
Attorney for Defendant
HYUNDAI CAPITAL AMERICA d/b/a
KIA MOTOR FINANCE

Dated: April 2, 2018          By: /s/ Trinette Kent
Trinette Kent
Attorney for Plaintiff
JOHN WAUDBY

**O R D E R**

The foregoing is made the order of this Court.

Dated: April 05, 2018

HON. JAY C. GANDHI
United States Magistrate Judge

---

[1] I, Bryan Trader, am the ECF User whose ID and Password were used to electronically file this Stipulated Protective Order. Pursuant to Civil Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the content of this filing and have authorized the electronic filing thereof.

# **EXHIBIT A**

I, _____ [full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *John Waudby v. Kia Motor Finance*, Case No. 8:17-cv-01442-AG-JCG. I have been given a copy of the Protective Order and have read it. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I will not disclose Confidential Information to anyone, except as allowed by the Order. I will keep all such Confidential documents and information in a secure place and in a secure manner to prevent unauthorized access to it. No later than 30 days after the termination of this action, I will return all such confidential documents or information, and any copies, notes, extracts, synopses, and/or summaries of such information that I create or that comes within my control to the attorney(s) who first provided it to me, or by whom I have been retained in this matter, or, alternatively, at my election, I will destroy such Confidential documents or information.

I further agree to submit to the jurisdiction of the U.S. District Court, Central District of California, with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceeding related to contempt of court.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware